IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONNIE D GASTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:16-CV-00583
CRIM. NO. 2:12-CR-00030
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant Pro Se Motion to Vacate under 28 U.S.C. § 2255. (Doc. 39). This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I.    FACTS AND PROCEDURAL HISTORY

On August 16, 2012, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). (Docs. 18, 23). On June 7, 2013, the District Court imposed 120 months incarceration, followed by five years of supervised release. (Docs. 32, 33). On September 15, 2015, the Court denied Petitioner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense. (Doc. 38). On June 23, 2016, Petitioner filed the instant Pro Se Motion to Vacate under 28 U.S.C. § 2255. (Doc. 39). Petitioner asserts that, in view of *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (declaring "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague),

he was improperly sentenced as a career offender. Under the reasoning of *Johnson*, Petitioner argues, § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines are constitutionally invalid, and his prior state court convictions fail to qualify him for career offender status.

## II.     DISCUSSION

Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or  otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing *Johnson,* 135 S. Ct. at 2555–56). It is this section of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ––––, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ––––, 135 S. Ct., at 2560.

*Welch,* 136 S. Ct. at 1262.

Petitioner was not sentenced under the terms of the ACCA, but as a career offender pursuant to U.S.S.G. § 4B1.1(a),[1] which increases the sentencing guideline range of those convicted of a "crime of violence" or a "controlled substance offense" who have at least two prior felony convictions of such offenses.

Section 4B1.2(b) defines "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

And § 4B1.2(a) defines a "crime of violence" as any offense under state or federal law punishable by a term of imprisonment exceeding one year that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added).

The United States Court of Appeals for the Sixth Circuit has invalidated the italicized portion, or "residual clause," of U.S.S.G. § 4B1.2(a)(2), which involves identical language to the portion of the ACCA invalidated in *Johnson*, as unconstitutionally vague based on the reasoning in *Johnson*. *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). The Supreme Court

---

[1] U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

has not yet decided the issue, or determined whether *Pawlak* constitutes a new rule that is to be retroactively applied on collateral review. *See In re Embry*, -- F.3d --, 2016 WL 4056056 (6th Cir. July 29, 2016) (successive habeas corpus petition to be held in abeyance in District Court pending the Supreme Court's decision in *Beckles v. United States*, No. 15–8544, -- U.S. --, 2016 WL 1029080 (U.S. June 27, 2016) (Mem.)).  However, even assuming that it does, and assuming further that this action is timely,[2] Petitioner cannot establish a basis for relief under *Johnson*.

This is because Petitioner's sentence did not involve the residual clause of § 4B1.2(a). *See Bryant v. United States*, No. 1:16-cv-688, 2016 WL 3251579, at *2 (W.D. Mich. June 14, 2016) (neither *Johnson* nor *Pawlak* invalidate a petitioner's sentence where the sentencing court did not rely on the residual clause to apply the career-offender enhancement); *Garza v. United States*, No. 16-12402, 2016 WL 3682911, at *2 (E.D. Mich. July 11, 2016) (career offender status predicated on prior controlled substance offense unaffected by *Johnson*); *United States v. Massengill*, No. 2:14-CR-46-ART-HAI-2, 2016 WL 4014996 (E.D. Ky. July 5, 2016) (*Johnson* has no applicability where career offender status not based on residual clause); *Russell v. United States*, Nos. 4:09-cr-12-HAM-SKL, 4:13-cv-58-HSM, 2016 WL 3951144 (E.D. Tenn. July 19, 2016) (*Johnson* does not apply where prior drug offenses support continued characterization as career offender under United States Sentencing Guidelines) (citing *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* to be "irrelevant" where career offender enhancement based on prior drug offenses)); *United States v. Fisher*, No. 5:16-238-DCR, 2016 WL 3906644, at *3 (E.D. Ky. July 14, 2016) (holding the same, and also concluding that the 2255 motion is untimely under because *Johnson* does not apply).

---

[2] *See, e.g.*, *United States v. Massengill*, No. 2:14-CR-46-ART-HAI-2, 2016 WL 4014996, at *3–4 (concluding that § 2255 motion is untimely where *Johnson* had no applicability to the petitioner's career offender status under the United States Sentencing Guidelines).

4

Petitioner's career offender designation was based on his three prior convictions on controlled substance felony offenses exceeding one year of imprisonment. PreSentence Investigation Report, ¶¶39–41. The PreSentence Investigation Report indicates that, on August 19, 1997, he was sentenced to two years imprisonment on aggravated trafficking in the Franklin County Court of Common Pleas in two separate cases, and on December 1, 2005, he was sentenced to 72 months imprisonment on conspiracy to distribute more than five grams of cocaine base in the United States District Court for the Southern District of Ohio. *Id*. ¶ 41. These offenses qualified him for career offender status under § 4B1.1, but not by operation of the residual clause of § 4B1.2(a)(2). Petitioner's prior convictions met the definition of a controlled substance offense as set forth in § 4B1.2(b). Petitioner had a resulting total offense level of 31 and criminal history of VI, with a resulting recommended guideline sentence of 188–235 months. The probation officer recommended imposition of 204 months imprisonment. *See generally* PreSentence Investigation Report. The District Court concluded that Petitioner's career offender status overstated the seriousness of his criminal history, and departed to a criminal history category of V. The Court also granted the government's motion for a downward departure under § 5K1.1, and imposed a sentence of 120 months imprisonment, well below Petitioner's recommended sentence under the United States Sentencing Guidelines. (*See* Docs. 33, 34).

The record therefore makes clear that Petitioner's status as a career offender relies on the basis of his prior controlled substance offense convictions under § 4B1.2(b), and not by operation of the residual clause. *Johnson* and *Pawlak* therefore have no applicability to his case and do not provide the relief Petitioner seeks.

Under these circumstances, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the Rules Governing Section 2255 Proceedings.

### III. CONCLUSION

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  August 19, 2016                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE